# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:18CV151-RJC-DSC

| | |
|---|---|
| DAVID MICHAEL DOWELL, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL,[1] ) <br> Commissioner of Social ) <br> Security Administration, ) <br> Defendant. ) <br> ) | **MEMORANDUM AND RECOMMENDATION <br> OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 1, 2018. He assigns error to the Administrative Law Judge's (ALJ) failure to give substantial weight to the Veterans Administration's ("VA") disability decision[2] and to the formulation of his mental Residual Functional Capacity ("RFC").[3] See Plaintiff's "Memorandum in Support …" at 5-6, 8-12 (document #10); "Reply …" at 2-4 (document #15).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[2] On September 16, 2014, the VA awarded Plaintiff service connected disability benefits and individual unemployability due to post traumatic stress disorder, fibromyalgia and other impairments. (Tr. 37-57).
[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[4]  Plaintiff challenges the ALJ's determination of his RFC.  The ALJ is solely responsible for assessing a

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 338, 343 (4th Cir. 2012), the Fourth Circuit held that:

> Because the purpose and evaluation methodology of both [Veterans Administration
4

claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 338, 343 (4th Cir. 2012), the Fourth Circuit held that:

> Because the purpose and evaluation methodology of both [Veterans Administration

and Social Security Administration] programs are closely related, <u>a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency</u>. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

<u>Id.</u> (emphasis added) (internal citations omitted). <u>See also</u> Social Security Ruling 06-03p ("evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered"). An ALJ may give less than substantial weight to a VA disability rating only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." <u>Woods v. Berryhill</u>, 888 F.3d 686, 692 (4th Cir. 2018) (citing <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing standard for VA decisions); <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability ratings "if they adequately explain the valid reasons for not doing so")).

Here, the ALJ failed to discuss Plaintiff's VA disability rating. Defendant argues that Plaintiff failed to place the VA rating in evidence until he submitted a copy of the VA's determination letter to the Appeals Council, and that in any event, he failed to show a "reasonable probability" that the VA rating would have resulted in a finding of disabled. Defendant's "Memorandum …" at 3-5 (document #14).

The VA rating was reported in the VA medical records that the ALJ did consider. (Tr. Tr. 451, 778). <u>See</u> <u>Houpe v Berryhill</u>, NCWD File No. 5:18CV-49-DSC, 2018 WL 6268213, 261 Soc.Sec.Rep.Serv. 484 (W.D.N.C. November 30, 2018) (remanding ALJ decision that failed to

5

explain why "little weight" was given to VA rating that was "reported in treatment records"). Moreover, the ALJ gave "little weight" to the opinion of Dr. Mark Worthen, who evaluated Plaintiff consultatively for the VA. (Tr. 20-21). Dr. Worthen's opinion provided the basis for the VA disability rating. The ALJ stated that Dr. Worthen's opinion "was not entitled to greater weight because the VA's disability requirements are based on a different set of regulations and are considered in connection with [Plaintiff's] service in the armed forces." (Tr. 21). That rationale is very similar to what the Fourth Circuit found deficient in Bird, 699 F.3d at 343.

Accordingly, the undersigned respectfully recommends that this matter be remanded for a new hearing. By recommending remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**,[5] and this matter be **REMANDED** for a new hearing pursuant to

---

[5]In recommending reversal of the Commissioner's decision, as noted above, the Court expresses no opinion as to

6

Case 1:18-cv-00151-RJC-DSC   Document 16   Filed 02/12/19   Page 6 of 8

Sentence Four of 42 U.S.C. § 405(g).[6]

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

---

the merits of Plaintiff's claim for disability. An order of "reversal" here does not mandate a finding of disability on remand. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently that decision cannot stand. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" <u>Raney v. Berryhill</u>, No. 3:16-CV-3256-BT, 2018 WL 1305606, at *4 (N.D. Tex. Mar. 12, 2018) (quoting <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000) (citing <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th Cir. 1985); <u>Dong Sik Kwon v. Immigration & Naturalization Serv.</u>, 646 F.2d 909, 916 (5th Cir. 1981)); <u>see also</u> <u>Cole v. Barnhart</u>, 288 F.3d 149, 151 (5th Cir. 2002) ("It is well-established that [the Court] may only affirm the Commissioner's decision on the grounds which [s]he stated for doing so.").

[6]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: February 12, 2019

David S. Cayer
United States Magistrate Judge